# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION -- Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001 Washington, D.C. 20001 Telephone: 879-1133
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
03/30/2022 15:08PM
Clerk of the Court

Case No.    **2022 CA 001274 B**

## COMPLAINT

Jurisdiction of this Court is founded on D.C. Code § 11-921.

| Jessica L. Williamson, PhD | vs | Safeway |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

3651 Sandy Brook Dr. #301
Address (No Post Office Boxes)

3830 Georgia Avenue, NW
Address (No Post Office Boxes)

Round Rock  TX   78665
City        State   Zip Code

Washington    DC    20010
City          State    Zip Code

737-802-3800
Telephone Number

(407) 274-8854
Telephone Number

rights@triplethreatanalytics.com
Email Address (optional)

Donna.Simms@albertsons.com
Email Address (optional)

1.  Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

### – STATEMENT OF CLAIM –

Above Plaintiff (Jessica L. Williamson, PhD) brings this claim / suit for all conscious pain / suffering and bodily injuries, medical expenses, economic losses, and other damages (eg. property) that Plaintiff experienced on 05/07/2019 up until the current time of this complaint as direct and proximate result of negligence and breaches of the applicable standard (duty of due care) by Safeway (Defendant) by / through its employees / servants / agents, security / management, and its subcontractors.

### – FACTS –

**~ 1. ~**
Above Plaintiff was shopping as customer / business invitee and a long standing business customer at the Safeway (Defendant's) business / store (specifically, 21 - 25 years at this location) and interacted with staff / management on the specific date of the incident (05/07/2019).

**~ 2. ~**
Above Plaintiff's belongings / property are as follows: (1) business suitcase, (2) a luggage travel bag, (3) purse / tote bag.

**~ 3. ~**
All property of the above Plaintiff contained within it both business property (Corporation's name: Triple Threat Analytics, LLC) and personal belongings / property. At all times relevant, Williamson (Plaintiff) as CEO and member owned / operated this corporation headquartered at 12212 Brigadoon Lane #111 in the Austin, Texas area providing analytics management consulting services / statistics / data science for business, government, and education (founded in 2012).

~ 4. ~
The Defendant at all times relevant owned / operated company / store located at 3830 Georgia Avenue, NW in Washington, D.C. -- and is a chain of businesses in the Albertsons Companies providing groceries / retail business / and essential services to consumers / shoppers / business invitees.

~ 5. ~
Albertsons Companies is the subsidiary division and company controlled / managed by Cerberus Capital Management, LLP at their headquarters located at 875 Third Avenue in New York, New York.

~ 6. ~
The Defendant [at all times relevant] employed various staff / management [and employees / servants / agents and contractors] at its store location in Washington. Thus, all staff / management acted within scope of their employment with Safeway [the Defendant] when interacting with Plaintiff and breached security protocols at the premises.

~ 7. ~
At the mid-morning time on the day of the incident 05/07/2019 [at approximately 11:00 AM - 12:00 at 3830 Georgia Avenue in Washington, DC], above Plaintiff suffered multiple bodily injuries [serious / traumatic] and other damages as the result of the negligent actions of the staff / management on the Safeway [Defendant's] store property inside the store premises and at the front entrance of store [main doorway entry].

~ 8. ~
Specifically, a person [unknown to above Plaintiff] tried to remove her property [luggage / suitcase] by taking it from her proximity while shopping. Above Plaintiff searched for her property within store aisles and the front door entry.

~ 9. ~
The Defendant's security employees / agents / contractors and management interacted with above Plaintiff unreasonably and breached the standard duty of due care with business invitee / customer seeking assistance from security / management.

~ 10. ~
Staff member [a male] seized a bag [tote] from Plaintiff at the front entrance -- and removed it out of everyone's site for several minutes [approximately 15].

~ 11. ~
Another male security employee [alleging to be the manager] failed to communicate with staff who seized bag [tote], unreasonably attacked [physically] the above Plaintiff's found luggage / suitcase and body / person -- and thus, created clear and immediate risks to above Plaintiff with serious injury [bodily] and other sustained damages [business property and personal]. The employee alleging to be the security manager [a male, large body, muscular frame] used excessive force [brutally] on the female Plaintiff [smaller, petite frame / body].

~ 12. ~
Specific damages [BODILY INJURIES] as follows: -- Trauma [head] 1 [forehead] - swelling tissue and bulge, -- Trauma [head] 2 [eyes] - temporary / acute vision impairment and loss, -- Trauma [head] 3 [dental] - injuries / Trauma [tooth fracture and loss of front, right tooth], -- Back / Torso - abrasions [multiple], spinal alignment / musculoskeletal Trauma. Specific damages [BUSINESS PROPERTY AND PERSONAL BELONGINGS / PROPERTY] as follows -- Item 1 [Business Suitcase] - damages [external] to handle, cloth material structure / fabric, and wheels, damages [internal] to contents and devices within suitcase [laptop, technical], -- Item 2 [Luggage Bag] - damages [external] to cloth material / fabric, -- Item 3 [Purse / Tote] - information breaches of business and personal contents within bag [tote] that contained confidential, sensitive, and proprietary information that consequently created an invasion of the Plaintiff's privacy with identity theft exposure and intellectual property theft risks.

~ 13. ~
The Defendant above failed to follow the applicable standard [due care] when interacting with above Plaintiff -- and, consequently, subjected the shopper / Plaintiff to false imprisonment within store premises while her purse [tote] was seized -- and the risk of Anemic conditions unnecessarily taxing blood oxygen within her [distressing emotionally and physiologically] -- because staff prevented the buying of items that she already selected for health and wellness / prevention [anemia conditions, diabetes, etc]. These choices were guided by Plaintiff's religious beliefs as well [Hinduism; interfaith traditions].

~~ 14. ~~

The Defendant also engaged in injurious falsehoods / communication with police -- subjecting Plaintiff to a malicious prosecution, additional pain / suffering, and trauma experienced. On the 06/17/2019 date of the malicious prosecution, the authorized state attorney and judge in Washington [in the Criminal Division of the DC Court's Superior Court] dismissed case based on the discovery and evidence [eg. video store footage requested by the judge]. The dismissed case [No. 2019 CMD 006281] was labeled a "Nolle Prosequi" [unwilling to prosecute].

~~ 15. ~~

As alleged / set forth above, Plaintiff sustained all of the bodily injuries / acute trauma [serious] as the direct and proximate cause of the Defendant's negligent actions, negligent supervision, and breaches by / through security / management, its employees / agents / contractors without any act or omission on part of above Plaintiff directly contributing to the damages.

~~ 16. ~~

The Defendant created unreasonable risks to above Plaintiff and damages to her business property and personal belongings / property.

2. What relief are you requesting from the Court? Include any request for money damages.

Above Plaintiff [Jessica L. Williamson, PhD] claims monetary damages against the Defendant in the amount of 15.5 (US) million dollars [ie. $15,500,000.00] and to also include the compensatory, pain / suffering, and all punitive] plus the interest, the fees / all costs, and any other relief this honorable court determines necessary and therefore appropriate.

3. State any other information, of which the Court should be aware:

### – COUNTS SPECIFIED –

~~ I. ~~

**NEGLIGENT ACTIONS: NEGLIGENT SUPERVISION AND MANAGEMENT -- STRICT LIABILITY**

Above Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs 1 through 10 and 12 of this complaint.

The Defendant knew or should have known the staff member seized the above Plaintiff's property [tote], creating unreasonable risks for Plaintiff of losing the property [tote] if forced by the security manager to exit store doorway and leave.

Security / management demonstrated negligence in failing to communicate effectively with staff [and their employees / servants / agents / and contractors] -- creating a clear and immediate risk and harm to her business property and personal belongings / contents.

As a direct and proximate result, Plaintiff sustained damages to property and property theft that includes information breaches.

~~ II. ~~

**NEGLIGENT ACTIONS: NEGLIGENT SECURITY -- PREMISES SECURITY LIABILITY -- STRICT LIABILITY**

Above Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs 1 through 16 of this complaint.

Defendant's conduct and management of the staff / employees constituted negligent actions that exposed the above Plaintiff to unreasonable risks of injury / harm and property theft / damages.

At all relevant times, the Defendant had control over the negligent actions of its staff members / security / agents / and contractors.

Accordingly, the Defendant owed a duty to above Plaintiff that involved a higher duty of due care with customers.

Thus, as set forth above, Plaintiff sustained the injuries (bodily) and other damages as a direct and proximate cause of negligent security and their negligent actions on the premises.

## **SIGNATURE**

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).

*Jessica Williamson* /s/

**SIGNATURE**

1/28/2021

**DATE**

Subscribed and sworn to before me this _____ day of _____ 20_____.

_____

(Notary Public/Deputy Clerk)

**Exhibit Summary**

**vs.**

☐

Govt./Pltf. Atty    ...                   "E" No.
                                          Judge ☐  ...

Deft./Resp. Atty. ☐ ...                   Clerk ☐ ...

Case No.    ☐                             Date ☐
            ...                                ...

| Court Exh. No. | Govt. Pltf. Exh. | Deft. Resp. Exh. | Item Description | Qt. | ID | Adm. | Over Obj. | No. Obj. |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ |
| ☐ | | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |

**(Use this section only when exhibits are returned in open court.)**

I hereby acknowledge Receipt of Govt./Pltf.          I hereby acknowledge Receipt of Deft./Resp.
Deft./Resp. Exhibits No.        through              Exhibits No. ☐        through

...                                                  ...
     Person Rec. Exhibits                                   Person Rec. Exhibits

...                                                  ...
   Office              Date                             Office              Date

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| Jessica L. Williamson, PhD | Case Number: **2022 CA 001274 B** |
| vs | Date: _____ |
| Safeway | [X] One of the defendants is being sued \ in their official capacity. |

| | |
|---|---|
| Name: *(Please Print)* Jessica L. Williamson, PhD | **Relationship to Lawsuit** |
| Firm Name: Triple Threat Analytics, LLC | [ ] Attorney for Plaintiff |
| | [X] Self (Pro Se) |
| Telephone No.: 737-802-3800  Six digit Unified Bar No.: N/A | [ ] Other:_____ |

TYPE OF CASE: [X] Non-Jury      [ ] 6 Person Jury      [ ] 12 Person Jury

Demand: (U. S.) $ 15,500,000.00      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

| | | |
|---|---|---|
| [ ] 01 Breach of Contract | [ ] 14 Under $25,000 Pltf. Grants Consent | [ ] 16 Under $25,000 Consent Denied |
| [ ] 02 Breach of Warranty | [ ] 17 OVER $25,000 Pltf. Grants Consent | [ ] 18 OVER $25,000 Consent Denied |
| [ ] 06 Negotiable Instrument | [ ] 27 Insurance/Subrogation | [ ] 26 Insurance/Subrogation |
| [ ] 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| [ ] 13 Employment Discrimination | [ ] 07 Insurance/Subrogation | [ ] 34 Insurance/Subrogation |
| [ ] 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | [ ] 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| [ ] 01 Automobile | [ ] 03 Destruction of Private Property | [ ] 05 Trespass |
| [ ] 02 Conversion | [ ] 04 Property Damage | |
| [ ] 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| [ ] 01 Abuse of Process | [ ] 10 Invasion of Privacy | [ ] 17 Personal Injury- (Not Automobile, |
| [ ] 02 Alienation of Affection | [ ] 11 Libel and Slander | Not Malpractice) |
| [ ] 03 Assault and Battery | [ ] 12 Malicious Interference | [ ] 18 Wrongful Death (Not Malpractice) |
| [ ] 04 Automobile- Personal Injury | [ ] 13 Malicious Prosecution | [ ] 19 Wrongful Eviction |
| [ ] 05 Deceit (Misrepresentation) | [ ] 14 Malpractice Legal | [ ] 20 Friendly Suit |
| [ ] 06 False Accusation | [ ] 15 Malpractice Medical (Including Wrongful Death) | [ ] 21 Asbestos |
| [ ] 07 False Arrest | [X] 16 Negligence- (Not Automobile, | [ ] 22 Toxic/Mass Torts |
| [ ] 08 Fraud | Not Malpractice) | [ ] 23 Tobacco |
| | | [ ] 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International

- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____          _____
Attorney's Signature                                        Date

CV-496/ June 2015

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JESSICA L. WILLIAMSON PhD
    Vs.                                       C.A. No.      2022 CA 001274 B
SAFEWAY

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge TODD E EDELMAN
Date:      March 25, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, June 24, 2022
Location:  Courtroom JM-4
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

      Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

      Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **JESSICA L. WILLIAMSON, PhD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 2022 CA 001274 B** |
| | : | **Hon. Todd E. Edelman** |
| **SAFEWAY,** | : | **Next Event:   Initial Scheduling** |
| | : | **Conference – June 24, 2022** |
| **Defendant.** | : | |

<u>**DEFENDANT SAFEWAY INC.'S ANSWER TO THE COMPLAINT**</u>

COMES NOW, Defendant Safeway, Inc.[1] ("Safeway" or "Defendant") by and through its undersigned attorneys, KIERNAN TREBACH LLP, and files its Answer to the Complaint filed by Plaintiff Jessica L. Williamson, PhD ("Plaintiff").

<u>**ANSWER**</u>

In specific answer to the paragraphs of the Complaint, Defendant states as follows[2]:

<u>Statement of Claim</u>

The statements in the "Statement of Claim" section of the Complaint provide an overview description of the damages sought and the legal theories being brought by Plaintiff, to which no response is required.  To the extent a response is required, Defendant denies any allegation in the "Statement of Claim" and demands strict proof thereof.

---

[1] Incorrectly named simply as "Safeway" in the Complaint.
[2] The Complaint does not abide by Rule 10(b) of the Superior Court Rules of Civil Procedure in that Plaintiff fails to state all of her claims in numbered paragraphs.  Accordingly, Defendant will respond to the separate allegations as if properly numbered.

<u>Facts</u>

1.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint and consequently denies the same and demands strict proof thereof.

2.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 2 of the Complaint and consequently denies the same and demands strict proof thereof.

3.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint and consequently denies the same and demands strict proof thereof.

4.      Defendant admits that it operated a Safeway brand supermarket at 3830 Georgia Avenue, NW, Washington, D.C. 20011 (the "Store") on May 7, 2019 and that it is a subsidiary of Albertsons Companies, Inc. operating retail supermarkets.   Defendant denies the remaining allegations in Paragraph 4 of the Complaint and demands strict proof thereof.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint and states that Albertsons Companies, Inc. is a publicly traded company and that Cerberus Capital Management, L.P. owns a controlling share of stock of a parent company of Albertsons Companies, Inc.

6.      Defendant admits that it employed employees at the Store on May 7, 2019. Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 6 of the Complaint and consequently denies the same and demands strict proof thereof.

7.      Defendant denies the allegations containing in Paragraph 7 of the Complaint and demands strict proof thereof.

8.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 8 of the Complaint and consequently denies the same and demands strict proof thereof.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint and consequently denies the same and demands strict proof thereof.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12 of the Complaint and consequently denies the same and demands strict proof thereof.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

<u>Damages Sought</u>

17.      Paragraph 17 of the Complaint provides only the amount and type of damages sought in this action, which does not require a response.  To the extent that a response is required, Defendant denies the allegations of Paragraph 17 and demands strict proof thereof.

<u>Count I – Negligent Supervision and Management – Strict Liability</u>

18.      Defendant reiterates the preceding paragraphs in this Answer as if fully reiterated herein.

19.      Defendant denies the allegations of Paragraph 19 of the Complaint and demands strict proof thereof.

20.      Defendant denies the allegations of Paragraph 20 of the Complaint and demands strict proof thereof.

21.      Defendant denies the allegations of Paragraph 21 of the Complaint and demands strict proof thereof.

<u>Count II – Negligent Security – Premises Security Liability – Strict Liability</u>

22.      Defendant reiterates the preceding paragraphs in this Answer as if fully reiterated herein.

23.      Defendant denies the allegations of Paragraph 23 of the Complaint and demands strict proof thereof.

24.      Defendant denies the allegations of Paragraph 24 of the Complaint and demands strict proof thereof.

25.      Defendant denies the allegations of Paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint and demands strict proof thereof.

Defendant denies any and all allegations contained in the Complaint not specifically admitted herein.

WHEREFORE, Defendant Safeway, Inc. respectfully requests that this Court dismiss the Complaint and award it any just and further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant, Safeway, Inc. ("Safeway" or "Defendant") by and through its undersigned attorneys, KIERNAN TREBACH LLP, and asserts the following affirmative defenses.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of risk of Plaintiff.

### FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SIXTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

## SEVENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of Plaintiff's alleged damages and recovery therefore is barred in whole or in part.

## EIGTHTH DEFENSE
### (Active Negligence v. Passive Negligence)

Even if Defendant is found negligent, which is expressly denied, such negligence was passive or secondary, and Defendant is not liable to Plaintiff for her alleged damages and injuries, if any, because of the active or primary negligence of third-parties over whom Defendant had no control, whose negligence was not reasonably foreseeable and whose negligence was the direct and proximate cause of any of Plaintiff injuries or damages.

## NINETH DEFENSE
### (Failure to Join Necessary Party)

Plaintiff has failed to join all necessary parties.

## TENTH DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

## ELEVENTH DEFENSE
### (Estoppel and Fraud)

Defendant asserts the defenses of estoppel and fraud.

## TWELFTH DEFENSE
### (Preexisting Medical Conditions)

Plaintiff's alleged injuries are due to the natural progression, development, complications and/or exacerbation of Plaintiff's preexisting medical conditions and problems.

## THIRTEENTH DEFENSE
### (Unclean Hands)

Plaintiff's claim is barred by the doctrine of unclean hands

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant, Safeway, Inc. requests that the Court dismiss with prejudice the Complaint and award it further relief that the Court deems appropriate.

Date:  April 25, 2022

Respectfully submitted,

**SAFEWAY, INC.**

/s/ Justin M. Cuniff
Justin M. Cuniff, Esq. # 499196
Carlos A. Uria, Esq., #1033890
Kiernan Trebach LLP
One Park Place, Suite 425
Annapolis, MD 21401
Telephone: (443) 263-2800
Facsimile:  (443) 263-2935
Email: jcuniff@kiernantrebach.com
auria@kiernantrebach.com
*Counsel for Defendant Safeway, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of April, 2022, a copy of the foregoing *Answer* was served via U.S. Mail, postage prepaid, on:

Jessica L. Williamson, PhD
3651 Sandy Brook Drive, #301
Round Rock, Texas 78665
*Pro Se Plaintiff*

/s/ Justin M. Cuniff
Justin M. Cuniff, Esq. # 499196
Carlos A. Uria, Esq., #1033890
Kiernan Trebach LLP
One Park Place, Suite 425
Annapolis, MD 21401
Telephone: (443) 263-2800
Facsimile:  (443) 263-2935
Email: jcuniff@kiernantrebach.com
Email: auria@kiernantrebach.com
*Counsel for Defendant Safeway, Inc.*